OPINION
{¶ 1} Defendant-appellant, Timothy P. Barrett, Sr., pled guilty to a fifth-degree felony charge of theft in violation of R.C. 2913.02(A)(3). The trial court sentenced appellant to three years of community control with several conditions and advised appellant that a violation of the conditions would result in the imposition of a 12-month jail sentence.
 {¶ 2} Appellant subsequently violated his community control conditions and the trial court, citing R.C. 2929.14(C), sentenced appellant to a maximum 12-month prison term. Butler CA2006-02-036
 {¶ 3} Appellant presents one assignment of error which claims that the trial court erred when it sentenced him to a maximum term of imprisonment.
 {¶ 4} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court held that portions of Ohio's statutory sentencing scheme were unconstitutional. Among the statutes found unconstitutional was R.C. 2929.14(C), governing the imposition of a maximum term of imprisonment. Id. at ¶ 83, 97-99. The Foster court severed these sections from the sentencing code and instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing. Id. at ¶ 104. Because the trial court utilized R.C. 2929.14(C) to impose a maximum prison term, we must remand this case for resentencing consistent withFoster.
 {¶ 5} Appellant's sole assignment of error is sustained.
 {¶ 6} The judgment of the trial court is reversed as to sentencing only and the case is remanded for resentencing.
YOUNG and BRESSLER, JJ., concur.